**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| ILKAY ORMANCI<br><br>Plaintiff,<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC.<br><br>Defendants. | Civil Action No. 1:22-CV-00214 |

**DEFENDANT GENERAC POWER SYSTEMS, INC.'S MOTION TO COMPEL VOCATIONAL EVALUATION OF PLAINTIFF**

TO THE HONORABLE JUDGE CROHN:

COMES NOW, Defendant, Generac Power Systems, Inc. ("Generac") and files this Motion to Compel the Vocational Evaluation by Susan Rapant of Plaintiff Ilkay Ormanci pursuant to Rule 35 of the Federal Rules of Civil Procedure, respectfully showing:

## I.
## INTRODUCTION

Plaintiff Ilkay Ormanci alleges that he sustained bodily injuries as a result of a product defect in a Generac generator he purchased from Lowe's

Hardware Store.[1] Specifically, Plaintiff claims that his middle and ring fingertips were amputated.[2] Plaintiff asserted claims for failure to warn, design defect, marketing defect, negligence and gross negligence against Generac for serious bodily injuries.[3] Plaintiff retained an expert to submit a report with respect to Plaintiff's potential earnings and damages based on these injuries and is expected to present expert testimony at trial.[4]

Generac requested that Plaintiff attend a Vocational Evaluation with Susan Rapant.[5] At Plaintiff's request Generac provided a sworn affidavit of Susan Rappant with the evaluation protocol.[6] Because Plaintiff's attorneys indicated that Plaintiff will not to comply with Generac's request, Generac must file this discovery motion.

## II.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff's Vocational and Wage-Earning Capacity is at Issue.

Rule 35(a) of the Federal Rules of Civil Procedure governs requests for examinations on mental or physical conditions in controversy.[7] It is well

[1] *Dkt. 13, Plaintiff's Second Amended Original Complaint, paragraphs 11 – 34, attached hereto as Exhibit A.*
[2] *Id at paragraph 9.*
[3] *Id. at paragraphs 11-34*
[4] *Expert Report of Gary D. Kronrad attached hereto as Exhibit B.*
[5] *Correspondence to Plaintiff's Counsel dated March 9, 2023 and March 29, 2023, attached hereto as Exhibit C.*
[6] *Affidavit of Susan Rappant, attached hereto as Exhibit D.*
[7] *FED. RULES CIV. PROC. R 35(a).*

settled among district courts in the Fifth Circuit that Rule 35(a) should be liberally construed in favor of granting discovery. *See e.g., Hughes v. Diebold*, 2011 U.S. Dist. LEXIS 164695 at *5 (E.D. Tex. 2011); *Lahr v. Fulbright & Jaworski LLP*, 164 F.R.D. 196, 198 (N.D. Tex. 1995); *Griffith v. Santillan*, 2019 U.S. Dist. LEXIS 182743 at *4 (S.D. Tex. 2019). Under Rule 35, the requesting party must show that the plaintiff's condition is in controversy and that good cause exists for the examination. *Schlaugenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).

The Supreme Court has held that a plaintiff in a negligence action who "asserts mental or physical injuries places that mental or physical injury clearly in controversy *and* provides the defendants with good cause for an examination to determine the existence and extent of such asserted injury." *Fischer v. Coastal Towing, Inc.*, 168 F.R.D. 199, 200 (E.D. Tex. 1996)(citing *Schlaugenhauf* 379 U.S. at 119)(emphasis added). As such, the factors considered in determining "good cause" often merge with the requirement that a plaintiff's medical condition is "in controversy." *Hughes v. Diebold*, 2011 U.S. Dist. LEXIS 164695 at *5 (E.D. Tex. 2011)(citing *Lahr v. Fulbright & Jaworski LLP*, 164 F.R.D. 196, 198 (N.D. Tex. 1995)). Consistent with the holding in *Schlaugenhauf*, federal district courts have determined that good cause exists when an IME will allow the defendant to

more fully and fairly develop its defense. *See e.g.*, *Tarrant v. Union Pac. R.R. Co.*, 2008 U.S. Dist. LEXIS 127845 at *2 (E.D. Tex. 2008); *Griffith v. Santillan*, 2019 U.S. Dist. LEXIS 182743 at *7-8 (S.D. Tex. 2019) (concluding that good cause exists for the defendant to have an equal opportunity to evaluate plaintiff's medical condition); *Hughes* at *5 (holding that defendant had good cause to seek an IME to determine existence, extent, and impact of plaintiff's allegations).

Here, Plaintiff's medical and physical condition, as well as his future earning capacity are in controversy. Plaintiff is seeking an award in excess of $75,000.00 for a "severe and permanent injuries when the tips of his fingers were amputated and/or crushed"[8] There should be no dispute that Plaintiff's claims put his medical and physical condition, as well as his earning capacity at issue.[9] *See Griffith* at *2.

Plaintiff put his earning capacity in controversy but now seeks to create an unequal playing field by standing in the way of a Rule 35 Vocational Evaluation. Defendant has a right to have Plaintiff submit for a Vocational Evaluation and would be severely prejudiced if Defendant's Vocational Expert is not permitted to personally evaluate the Plaintiff. Alternatively,

[8] Dkt. 13, Plaintiff's Second Amended Original Complaint, paragraph 5, *attached hereto as Exhibit A*.
[9] *Id.* at V ("as a result of the negligence of Defendant, Plaintiff suffered injuries and damage…").

Plaintiff would not be prejudiced if he is ordered to attend an in-person evaluation. For these reasons, Defendant respectfully request the Court order Plaintiff to appear for a Vocational Evaluation with Susan Rapant.

### B. Rule 35 Not Only Pertains to Independent Medical Examinations but also to Independent Vocational Evaluations.

The present version of Rule 35 emerged after a 1991 amendment to the Rule, which was subsequent to Acosta[10], and extended the Rule to include examinations by "other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of the dispute." Fed. R. Civ. P. 35(a), advisory committee notes, 1991 amendment. Ornelas v. Southern Tire Mart, LLC, 292 F.R.D. 388, 393.

### C. The Examiners and the Time, Place, Manner, Conditions, and Scope of the Examinations Were Properly Set Forth

Under Rule 35, the order granting the examinations is required to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P.

[10] *See Acosta v. Tenneco Oil Co., 913 F.2d 205.*

35(a)(2)(B). In their initial request, Defendant specified the time, place, manner, conditions, and scope of the examinations, as well as the person who will perform the evaluation.[11] Defendant provided Plaintiff with a copy of Susan Rapant's curriculum vitae, as well as an Affidavit, at Plaintiff's request, of the protocol for the evaluation. Plaintiff did not respond and has not agreed to present for the evaluation, despite multiple attempts by Defendant.

## **III.**
## **PRAYER**

In view of the foregoing, Defendant Generac Powers Systems, Inc. requests that the Court order the Plaintiff attend vocational rehabilitation evaluation conducted by Susan Rapant on Thursday, May 18, at 9:00am CST or Tuesday, May 23, 2023 at 2:00pm CST or on another mutually agreeable date, and that Defendant has such other and further relief, both general and special, at law, and in equity to which they may be justly entitled.

---

[11] *Correspondence to Plaintiff's Counsel dated March 9, 2023 and March 29, 2023 & Affidavit of Susan Rappant, attached hereto as Exhibits C & D.*

Respectfully Submitted,

By: */s/ Nelson Skyler*

Nelson Skyler
Texas Bar No. 00784982
nskyler@brownsims.com
Jamie M. Beller
Texas Bar No. 24123214
jbeller@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

**ATTORNEYS FOR DEFENDANTS**

## Certificate of Service

I hereby certify that a true and correct copy of the attached instrument has been forwarded by certified mail/return receipt requested, hand-delivery, email, e-file, or telephonic document transfer to the attorney listed below on May 8, 2023.

Randall O. Sorrels
Texas Bar No. 1000000
Federal Bar No. 11115
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Telephone: (713) 496-1100
Facsimile: (713) 238-9500
Email: randy@sorrelslaw.com
E-service: eservice@sorrelslaw.com

Marty Herring
State Bar No. 09533700
1616 S. Voss Road, Suite 890
Houston, Texas 77057
Telephone: 713.787.9885
Facsimile: 713.787.9886
Email: martyherring@hotmail.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Nelson Skyler
Nelson Skyler